**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYNE P. MYTINGER,<br><br>Plaintiff,<br><br>v.<br><br>NORTHTOWN CAPITAL SERVICES GROUP, LLC,<br><br>Defendant. | Case No. 3:20-cv-01776<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes SHAYNE P. MYTINGER ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of NORTHTOWN CAPITAL SERVICES GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Sonoma County, California, which is located within the Northern District of California.

5. Defendant is a third party debt collector that engages in its debt collection operations against consumers throughout the United States. Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 305 Cayuga Road, Suite 180, Cheektowaga, New York. Defendant regularly collects from consumers, including those within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon past due payments ("subject debt") said to be owed by Plaintiff in connection with a personal loan Plaintiff received from SunUp Financial d/b/a BalanceCredit.com ("SunUp").

8. Plaintiff defaulted on the subject debt after he became ill and experienced an unexpected death in his family.

9. Thereafter, Defendant acquired the right to collect or attempt to collect on the subject debt.

10. Around March 2020, Plaintiff began receiving calls to his cellular phone, (415) XXX-3326, from Defendant.

11. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling to collect upon the subject debt.

12. During conversations with Plaintiff, Defendant's representatives engaged in a series of harassing and deceptive debt collection tactics in an effort to collect upon the subject debt.

13. For instance, at no time did Defendant's representative indicate that he was calling on behalf of Defendant or provide Plaintiff with a mini-Miranda warning pursuant to 15 U.S.C. § 1692e(11).

14. In addition, Defendant's representative informed Plaintiff that if Plaintiff did not immediately satisfy the subject debt or enter into a payment plan, then Defendant would send the subject debt back to SunUp, who then *would* garnish Plaintiff's wages.

15. Intimidated by Defendant's deceptive and misleading threat, Plaintiff reluctantly entered into a payment agreement with Defendant.

16. Defendant has primarily used the phone number (888) 374-0464 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

17. Upon information and belief, the aforementioned phone number ending in -0464 is regularly utilized by Defendant during its debt collection activities.

18. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, emotional distress, embarrassment, and numerous violations of Plaintiff's federally protected interests to be free from harassing and deceptive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 2020.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Additionally, the FDCPA pursuant to 15 U.S.C. §1692d(6), prohibits a debt collector from placing, "telephone calls without meaningful disclosure of the caller's identity."

28. Defendant violated § 1692d through its threats of garnishment without due process. Defendant affirmatively represented to Plaintiff that his wages would be garnished by SunUp if he

---

[1] http://www.acainternational.org/search#memberdirectory

4

did not pay the subject debt, and at no point did Defendant inform Plaintiff that the creditor would need to obtain a judgment in its favor before such proceedings could be initiated. Defendant's threat to deprive Plaintiff of his property without due process underscores the extent to which Defendant engaged in conduct that has the natural consequence of harassing, oppressing, and abusing Plaintiff.

29. Moreover, Defendant violated § 1692d(6) by failing to properly identify itself to Plaintiff when it placed the harassing phone call to his cellular phone. Defendant intentionally failed to disclose its identity in order to avoid any and all legal claims Plaintiff has against it.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector . . . intends to take such action." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector……." 15 U.S.C. §1692e(11).

32. Defendant violated §§ 1692e, e(2)(A), e(4), e(5), and e(10) when it threatened that Plaintiff's wages would be garnished absent due process. Defendant lacked the lawful ability to make this affirmative threat of wage garnishment since there were no underlying court judgment

entered in connection with the subject debt, further illustrating the deceptive and misleading nature of its affirmative representation.

33. Defendant further violated §1692e(11) when it failed to properly apprise Plaintiff of the fact that it is a debt collector attempting to collect upon the subject debt.

34. Due to Defendant's deceptive and misleading conduct outlined above, Plaintiff was dragooned into entering into a payment plan with Defendant.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt through the threat of garnishment.

37. It was unfair when Defendant threatened that Plaintiff's wages would be garnished absent due process. Defendant lacked the lawful ability to make this affirmative threat of wage garnishment since there were no underlying court judgment entered in connection with the subject debt, further illustrating the unconscionable nature of its affirmative representation.

38. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHAYNE P. MYTINGER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff by threatening that Plaintiff's wages would be garnished absent due process. Defendant lacked the lawful ability to make this affirmative threat of wage garnishment since there were no underlying court judgment entered in connection with the subject debt, further illustrating the deceptive and misleading nature of its affirmative representation.

45. Furthermore, Defendant intentionally failed to disclose its identity in order to avoid any legal claims Plaintiff has against it.

46. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, SHAYNE P. MYTINGER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 12, 2020  Respectfully submitted,

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com